UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IBEW-NECA LOCAL 180 HEALTH AND WELFARE TRUST, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>STEINY AND COMPANY, INC.,<br><br>Defendant. | Case No.  15-cv-02900-PJH   (SK)<br><br>**REPORT AND RECOMMENDATION RE APPLICATION FOR DEFAULT JUDGMENT**<br><br>Regarding Docket No. 15 |

Before the Court in this ERISA enforcement action, Plaintiffs bring a Request for Entry of Default Judgment seeking to collect unpaid employee benefit contributions, liquidated damages and interest on unpaid or delinquent contributions, and attorneys' fees and costs.  Defendant has not appeared in this action, and the Clerk entered default on September 17, 2015 pursuant to Fed. R. Civ. P. 55(a).  For the reasons stated below, the Court RECOMMENDS that the District Court GRANT Plaintiffs' Request for Default Judgment.

**BACKGROUND**

This action was brought by a number of trust funds[1] and two individuals, in their capacity as trustees of the trust funds.[2]  Plaintiffs assert that the Trust Funds are multiemployer benefit plans as defined by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(d)(1) and are jointly trusted employee benefit trust pursuant to the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(C)(5).  (Dkt. No. 1 (Compl.), ¶ 4.)  The Trust Funds were created under a collective bargaining agreement ("CBA") between the International

---

[1] The trust funds include IBEW-NECA Local 180 Health and Welfare Trust, IBEW Local 180 Pension Trust, Solano and Napa Counties Joint Electrical Education and Training Trust, Solano and Napa Counties Labor Management Cooperation Trust, and the National Electrical Benefit Trust (the "Trust Funds").
[2] The trustees are Dan Broadwater and Don Campbell ("Trustees").

Brotherhood of Electrical Workers ("IBEW" or "Union") Local 180 and certain local unions and chapters of the National Electrical Contractors Association ("NECA"). (*Id.,* ¶ 4.) Plaintiff IBEW Local 180 Pension Trust ("Pension Trust") is the authorized collection agent for each of the Trust Funds. (*Id.*, ¶5.) The Trustees assert that they have the duty to administer the Trust Funds for the exclusive benefit of the covered employees in accordance with the LMRA and ERISA, and the terms of the trust agreements. (*Id.*, ¶ 6.)

Defendant Steiny and Company, Inc. is a California corporation engaged in the sound and communications electrical industry. Defendant holds a state contractor's license and provides services in and around Solano County, California. (*Id.,* ¶¶ 7, 8.) Defendant is an employer "engaged in an industry or activity affecting commerce" within the meaning of ERISA, 29 U.S.C. §§ 152, 1002-1003. (*Id.*)

Defendant agreed to be bound by the CBA by a Letter of Assent. (Dkt. No. 15-2 (Decl. of R. McClaskey), ¶ 3, Ex. B.) According to the CBA, the parties agreed to be bound by the trust agreements for the Trust Funds, including the Solano-Napa Country Electrical Workers Pension Trust Agreement ("Pension Trust Agreement")[3] and the Solano-Napa County Electrical Workers Health & Welfare Agreement ("Health & Welfare Agreement").[4] (*Id.,* Ex. A, Art. VI, Sec. 6.02 and 6.08.) Under the terms of the CBA, the Pension Trust Agreement, and the Health & Welfare Agreement, the Trustees have the power to establish by rules and regulations, a formula for the determination of damages for those employers who fail to make timely contributions. (*Id.,*¶ 7.) The rules and regulations are found in the Collection Procedures for the Solano-Napa Counties Electrical Workers' Trust Funds ("Collection Procedures"). (*Id.,* ¶ 8.) An employer who fails to make timely contributions to the Trust Funds is liable for unpaid contributions, liquidated damages, interest, attorney's fees and costs. (*Id.,* ¶ 14; Compl., ¶12.)

On June 22, 2015, Plaintiffs filed a complaint against Defendant for failure to pay benefits under the CBA and pursuant to ERISA, 29 U.S.C. § 1132(a), (e) and (g), 29 U.S.C. § 1145 and the

---

[3] A copy of the Pension Trust Agreement is attached to the supporting Declaration of Richard McClaskey, Dkt. No. 15-2 at Ex. C. Mr. McClaskey's office is the third party administrator for Plaintiff Trust Funds.

[4] A copy of the Health & Welfare Agreement is attached to the McClaskey Decl. at Ex. G.

2

LMRA, 29 U.S.C. § 185.  Plaintiffs allege that Defendant failed to make required contributions to the Trust Funds.  Specifically, they allege that Defendant failed to make the required contribution for the month of September 2015 in the amount of $32,778.09 (Dkt. No. 15-5 (McClaskey Decl., Ex. E).)[5]  Plaintiffs assert that they are entitled to liquidated damages and interest on that sum in the amounts of $6,555.62 and $654.16, respectively.  (*Id.*)  In addition, Plaintiffs assert that they are entitled to liquidated damages of $62,984.79 and interest of $3,247 for late payments made during the time period of September 2014 to September 2015.  (*Id.*)  Finally, Plaintiffs seek $6,298.50 in attorney's fees (Dkt. No. 15-1 (Decl. of W. Ling), ¶ 6) and costs of $510.  (*Id.,* ¶ 7.)

Defendant's agent for service of process was served with the Summons and Complaint on August 21, 2015.  (Dkt. No. 10 (Cert. of Service).)  No response having been made by Defendant, Plaintiffs requested entry of default, which was served on Defendant by mail on September 16, 2015.  (Dkt. No. 11 (Req. for Entry of Def.)), and entered by the Clerk on September 17, 2015.  (Dkt. No. 13 (Entry of Def.).)  Plaintiffs thereafter filed this instant Motion for Default Judgment.  (Dkt. No. 15.)  Defendant was served with the Motion by mail on November 12, 2015.  (*Id.*)

**ANALYSIS**

**A.    Jurisdiction and Service.**

Before entering default judgment, a court must determine whether it has jurisdiction over defendants.  *See In Re Tuli v. Rep. of Iraq,* 172 F.3d 707, 712 (9th Cir. 1999). This is an action to collect unpaid contributions to multiemployer benefit plans.  The Court has subject matter jurisdiction pursuant to ERISA, 29 U.S.C. §1132(a), (e), and (g), and to the LMRA, 29 U.S.C. § 185(c).  Jurisdiction also exists pursuant to 28 U.S.C. § 1331.  Personal jurisdiction is appropriate as Defendant is a California corporation doing business in Solano and Napa Counties.  (Compl., ¶8.)

The undersigned finds that service of process was adequate.  A party may serve a corporation "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ.

---

[5]Exhibit E is a deficiency report prepared by Mr. McClaskey's office that reflects payments made by Defendant after the Complaint was filed.  Therefore, the sums referenced here were obtained from Exhibit E, rather than the Complaint.

P. 4(e)(1); *see also* Fed. R. Civ. P. 4(h)(1)(A) (authorizing service of process on corporations "in the manner prescribed by Rule 4(e)(1) for serving an individual"). Under California law, "[a] summons may be served by personal delivery of a copy of the summons and complaint to the person to be served." Cal. Code Civ. Proc. § 415.10. A summons can be served on a corporation by delivering a copy of the summons and complaint on the designated agent for service of process. Cal. Code of Civ. Proc. § 416.10(a). Here, Plaintiffs personally served the summons and complaint on Defendant at the address of the designated agent. (Cert. of Service.)

### 1. Standard Governing Default Judgment.

Plaintiffs have applied for a default judgment in this action on the grounds that Defendant has failed to appear after valid service. Under Federal Rule of Civil Procedure 55(b)(2), the court may enter a default judgment where the clerk, under Rule 55(a), has already entered the party's default based upon a failure to plead or otherwise defend the action. The district court's decision to enter a default judgment involves some discretion. *Lau Ah Yew v. Dulles,* 236 F.2d 415 (9th Cir. 1956) (affirming district court's denial of default judgment). In determining whether default judgment is appropriate, the Ninth Circuit has enumerated the following factors for considerations:

> (1)The possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir. 1986).

After default is entered, the well-pleaded allegations in the complaint regarding liability and entry of default are taken as true, except as to damages. *Fair Housing of Marin v. Combs,* 285 F.3d 899, 906 (9th Cir. 2002). The court is not required to make detailed findings of fact. *Id.* Moreover, default judgment cannot exceed the amount demanded in the pleadings. Fed. R. Civ. P. 54 (c). Upon review of the well-pleaded allegations in this case, the Court finds that the *Eitel* factors weigh in favor of default judgment.

//

//

### a. Factors two and three of *Eitel* test (merits of substantive claim and sufficiency of complaint).

In evaluating the merits of the substantive claim and the sufficiency of the Complaint, the Court examines the two causes of action asserted, failure to make timely contributions and breach of the CBA.

#### i. Failure to make timely contributions under 29 U.S.C. § 1145.

29 U.S.C. § 1145 provides: "every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or a collectively bargained agreement shall, to the extent not inconsistent with the law, make such contributions in accordance with the terms and conditions of such plan or agreement." Section 1145 thus creates a claim against employers who do not make timely contributions as required under a collective bargaining agreement. *See Trustees of the Screen Actors Guild-Producers Pension & Health Plans v. NYCA Inc.,* 572 F.3d 771, 774-776 (9th Cir. 2009).

Plaintiffs here must prove the following: (1) that the plans are multiemployer plans as defined by 29 U.S.C. § 1002(37); (2) that the CBA obligated Defendant to make the disputed contributions; and (3) that Defendant did not make the contributions. 29 U.S.C. § 1145; *Bd of Trustees v. Core Concrete Constr.,* 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012); *Bd of Trustees of the Sheet Metal Workers Health Care Plan of Nor. Cal. v. Gevasio Environmental Systems,* 2004 WL 1565719, at *2 (N.D. Cal. May 21, 2004).

Plaintiffs' Complaint, supported by the Declaration of Richard McClaskey, establishes the foregoing elements: (1) that the trusts are multiemployer benefit plans within the meaning of ERISA; (2) that the CBA required Defendant to make contributions to the plans; and (3) that Defendant failed to make one of the required contributions. (Compl., ¶¶4-14; McClaskey Dec., ¶¶2-11.) Therefore, the first claim meets the second and third factors of *Eitel*.

#### ii. Breach of CBA under 29 U.S.C. § 185.

29 U.S.C. § 185 permits suit for breach of the CBA. Federal courts apply federal common law principles to determine the enforceability of contract provisions like liquidated damages provisions. *Idaho Plumber & Pipefitters Health & Welfare Fund. v. United Mech. Contractors, Inc.*, 875 F.2d 212, 214-218 (9th Cir. 1989). Plaintiffs' Complaint, supported by the Declaration

of Mr. McClaskey, sufficiently establishes contractual obligations to make contributions and the breach of those obligations. Plaintiffs' second cause of action meets factors two and three with regard to the second claim.

### b. Remaining *Eitel* Factors.

All of the remaining *Eitel* factors support the decision to grant default judgment:

**Prejudice to Plaintiffs.** If the Court denies Plaintiffs' motion, Plaintiffs would be unable to recover the plan contributions or otherwise enforce the CBA against Defendant.

**Dispute concerning a material fact.** The central issue for determination - whether or not payment was made, and if so, on a timely basis – is simple and supported by the declaration of Mr. McClaskey. This issue, and the related calculation of damages, pose no material issue of fact that preclude granting Plaintiffs' motion.

**Excusable neglect.** There is no indication that Defendant's failure to defend this litigation or participate in the present proceeding is the result of excusable neglect. The record indicates that Defendant's agent for service of process was personally served with the Complaint (Cert. of Serv.), that it received the motion and supporting declarations for the Request for Entry of Default by mail at its address in Vallejo, California (Req. Def., at 3.), and that it was mailed with the Notice of Motion and Motion for Entry of Default Judgement. (Proof of Serv., Mot., at 14.).

**Sum of money at stake.** The court must consider the amount of money at stake in relation to the seriousness of the defendant's conduct. *Pepsico, Inc v. California Security Cans,* 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). When the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged. *Eitel,* 782 F.2d at 1472 (three million dollar judgment supported decision not to enter default judgment). Plaintiffs assert that the Defendant failed to make contributions in the sum of $32,778.09 for the month of September 2015 and the liquidated damages and interest accrued from that failure for a total of $39,987.87 under 29 U.S.C.§ 1145. (McClaskey Decl., Ex. E.) They further assert that they are entitled to $66,231.79 in liquidated damages and interest for late payments. (*Id.*) The amount of damages at stake is appropriate and reasonable as contributions, fees and interest are authorized under 29 U.S.C. § 1132 on unpaid contributions, as well as the trust agreements. *See Northwest Administrators, Inc.*

*v. Albertsons, Inc.,* 104 F.3d 253, 257-58 (9th Cir. 1996).

**Strong policy favoring decisions on the merits.** Despite the policy of favoring decisions on the merits, default judgment is appropriate when a defendant refuses to litigate a case. Fed. R. Civ. P. 55(b); *see Bd. of Trustees v. RBS Washington, LLC,* 2010 WL 1450897 at *4 (N.D. Cal. Jan. 8, 2010.) Here, Defendant has failed to litigate.

Accordingly it is RECOMMENDED that default judgment be entered against Defendant Steiny and Company, Inc.

**B.   Relief Sought.**

   **1.   ERISA – 29 U.S.C. § 1145**

Once liability is established through a defendant's default, a plaintiff is required to establish that the requested relief is appropriate. *Geddes v. United Financial Group,* 559 F.2d 557, 560 (9th Cir. 1977). Under 29 U.S.C. § 1132(g), statutory damages are permitted where a fiduciary for a multiemployer plan successfully sues under 29 U.S.C. § 1145 ("Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collective bargaining agreement shall…make contributions in accordance with the terms and conditions of such plan or such agreement"). Section 1132(g)(2) provides that in an action to recover unpaid contributions, the Court *shall* award:

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to or the greater of –
>    i.   interest on the unpaid contributions, or
>    ii.  liquidated damages provided for under the plan in an amount not in excess of twenty percent . . . of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

Section 1132(g)(2) is mandatory and not discretionary. *Northwest Administrators,* 104 F.3d at 257. A plaintiff must satisfy the following to show it is entitled to the mandatory award: (1) the employer must be delinquent in its contributions at the time the action is filed; (2) the

district court must enter a judgment against the employer; and (3) the plan must provide for such an award.  29 U.S.C. § 1132(g)(2); *Northwest Administrators, Inc.,* 104 F.3d at 257; *Idaho Plumbers & Pipefitters,* 875 F.2d at 215.

In this case, a delinquency in the sum of $32,778.09 existed when the action was filed (McClaskey Dec., Ex. E.) and the CBA, the Pension Trust Agreement, and the Health and Welfare Trust Agreement authorize awards of interest, liquidated damages, and attorney's fees and costs. (*Id.,* ¶¶6, 9, 10, and 14.)  Based on the summary contained in Exhibit E to Mr. McClaskey's Declaration, under Section 1132(g)(2), Plaintiffs would be entitled to the unpaid contribution for the month of September 2015 of $32,778.09, plus liquidated damages for the unpaid delinquency of $6,555.62 and interest totaled $654.16, for a total of $39,987.87 for the action brought pursuant to 29 U.S.C. § 1945.  (*Id.*)  The undersigned finds that the evidence provided sufficiently supports Plaintiffs' claim and therefore RECOMMENDS that the District Court grant an award of $39,987.87, as described above.

### 2.     LMRA – 29 U.S.C. § 185

In their second claim, Plaintiffs seek liquidated damages and interest under LMRA to enforce the CBA and trust agreements.  Section 1132(g)(2) does not apply to contributions paid late.  *Board of Trustees v. Tear-N-It Up Demolition,* 2015 U.S. Dist. WL 6956601 (N.D. Cal. Sept. 8, 2015), *7.  It applies to contributions unpaid at the time of suit.  *Id.* (*citing Idaho Plumbers & Pipefitters,* 875 F.2d at 215-217).  Therefore, Plaintiffs seek to enforce the CBA and the trust agreements to recover interest and liquidated damages on those payments which were made late. As described above, the Collection Procedures were adopted by Plaintiffs and govern collection for all contribution to Plaintiff Trust Funds, including late contributions.  (*Id.*, ¶ 8.)

#### i. Liquidated Damages

Per the Collection Procedures, contributions are due by the 15th of the month following the month in which the hours were worked.  Those that are postmarked between the 16th and 23rd of the month are subject to liquidated damages of $150 or 5 percent of the contributions due, whichever is less.  (McClaskey Decl., ¶ 9 (referring to Ex. D, Sec. 2(A)(1)(d).)  Contributions post-marked between the 24th and the 15th of the following month (second month) are subject to

liquidated damages calculated at 5 percent of the contributions due. (*Id.*) Contributions postmarked between the 16th of the second month and the 15th of the third month are subject to liquidated damages at a rate of 10 percent. Contributions received 60 days or more after the due date are subject to liquidated damages at a rate of 20 percent. If suit has been filed, liquidated damages of 20 percent are assessed against the sum due. (*Id.,*¶ 10 (Ex. D, Sec. 2(A)(1)(d)(v).)

Exhibit E of Mr. McClaskey's Declaration provides the contribution amounts and postmark dates for each contribution due from August 31, 2014 through August 31, 2015 – all of which were received late. Pursuant to Exhibit E, Plaintiffs are entitled to liquidated damages in the sum of $62,984.79 during this time period.

### ii. Interest.

According to the Collection Procedures, interest on late contributions does not accrue until the 16th of the second month, at which time interest accrues at 7 percent of the contribution due. (*Id.*, ¶ 9.) Based on the dates received, Plaintiffs seek interest in the amount of $3,247.14 for the late contributions paid during the period of August 31, 2014 to April 31 2015. (*Id.,* Ex. E.)

### iii. Attorney's Fees and Costs.

29 U.S.C. § 1132(g)(2)(D) allows for the recovery of attorney's fees and costs for a claim brought to recover contributions. The Pension Trust Agreement and the Health and Welfare Trust Agreement also provides that an employer who fails to make timely contributions is liable for all unpaid contributions, liquidated, damages, attorney's fees and costs. (*Id.*, ¶14 (Ex. C, Art. 13, Sec. 13.13(b), pp. 33-34; Ex. G, Art. 13, Sec. 13.1, pp. 21-22).) According to the supporting Declaration of Wan Yan Ling, attorney fees were charged at $195 per hour. (Ling Dec., ¶ 2.) The undersigned finds this rate is reasonable. (*See Bd of Trustees v. Tear-N-It Up Demolition, Inc.,* 2015 U.S. Dist. LEXIS 152685 (N.D. Cal. Sept. 8, 2015) (finding a billable rate of $345 per hour for a senior shareholder and $290 per hour for an associate reasonable), report and recommendation adopted at 2015 U.S. Dist. Lexis 152678 (N.D. Cal. Nov. 10, 2015); *Bd. of Trustees v. River View Construction,* 2013 U.S. Dist. LEXIS 69316 (N.D. Cal. April 17, 2013) (finding a billable rate of $290 per hour reasonable), report and recommendation adopted at 2013 U.S. Dist. LEXIS 69326 (N.D. Cal. Ma 15, 2013); *Bd. of Trustees v. A & B Bldg. Maint. Co.,* 2013

9

1  U.S. Dist. Lexis 149888 (N.D. Cal. Oct. 1 2013) (finding that a rate of $345 per hour was
2  reasonable), report and recommendation adopted at 2013 U.S. Dist. LEXIS 149888 (N.D. Cal.
3  Oct. 17, 2013.)  Accordingly, the undersigned finds Mr. Ling's rate to be reasonable and
4  RECOMMENDS that the District Court grant Plaintiffs' request for fees in the sum of $6,298.50.[6]

5  Plaintiffs also seek costs of $510, which consist of $400 in filing fees and $110 for service
6  on Defendants.  (*Id.,* ¶ 7.)  The undersigned finds these costs reasonable and RECOMMENDS that
7  the District Court grant Plaintiffs' request for $510 in costs in full.

## CONCLUSION

For the reasons stated above, the undersigned RECOMMENDS that the District Court GRANT Plaintiffs' Motion and RECOMMENDS the following relief:  (1) entry of Default Judgment in favor of Plaintiffs; (2) an award of $39,987.87 pursuant to 29 U.S.C. § 1145; (3) an award of $66,231.92 in liquidated damages and interest pursuant to 29 U.S.C. § 185; and (4) an award of attorney's fees and costs in the sum of $6,808.50.

Dated: December 10, 2015

_____
SALLIE KIM
United States Magistrate Judge

---

[6] The undersigned excluded the additional 6 hours estimated by Mr. Ling to prepare for, travel and argue the present motion since the hearing of this matter was vacated.  (Dkt.. No. 17.)

10